IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TY K. BAUER                                                                          PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:24-CV-159-SA-RP

KENT SMITH, Individually and
in His Official Capacity as a Circuit
Court Judge of the Third Circuit of
Mississippi                                                                          DEFENDANT

ORDER DISMISSING CASE

On May 31, 2024, Ty Bauer, who is proceeding *pro se*, filed his Complaint [1] against

Kent Smith, in his individual capacity and official capacity as a Circuit Judge for the Third Circuit

of Mississippi. The gravamen of Bauer's grievance is that Judge Smith, who is the presiding Judge

in a state court lawsuit that Bauer filed, has handled those proceedings improperly. For instance,

the Complaint [1] alleges:

C. What has Judge Smith done?

1. Squashed/disallowed vital material client testimony

2. Issued one-sided Orders, bait & switch tactics, and bullying to
disadvantage the Plaintiff

3. Railroad a Summary Judgement [sic] hearing in direct conflict
with the Plaintiff's 14th Amendment rights and taking away the
Plaintiff's Miss. Constitutional right to a jury trial

4. Stay depositions to hide facts

5. Latch on to a bad invalid argument knowing that the pro se
Plaintiff will be severely disadvantaged and financially buried with
appeal. Basically, weaponizing the Mississippi Judiciary.

[1] at p. 4.

Bauer ultimately requests that this Court issue injunctive relief directing Judge Smith to vacate rulings in the state court litigation and postpone ruling on a summary judgment filing in that case. He also filed an Emergency Motion [6] seeking injunctive relief.

On June 28, 2024, the Court entered an Order to Show Cause [8]. In that Order [8], the Court noted that judicial immunity appeared to be applicable in this case, as the allegations set forth in the Complaint [1] fall squarely within Judge Smith's performance of official judicial duties. Recognizing this fact, the Court provided Bauer twenty-one (21) days to file a response articulating why judicial immunity does not bar his lawsuit and a separate motion for leave to amend the allegations of his Complaint [1].

Bauer timely responded. In his Response [14], he contends that "[w]hen a Judge steps beyond the boundaries that define his powers as a Judge, he then becomes an individual and is therefore responsible for his actions as such." [14] at p. 3. However, when he lists the ways in which he believes Judge Smith has gone beyond his powers as a judge, Bauer again refers to judicial acts, such as discontentment with the manner in which discovery has been conducted in the state court litigation. He then walks through some of the procedural history of that litigation and ultimately accuses opposing counsel in that litigation of engaging in identity theft and theft of trade secrets. Bauer avers that "Judge Smith, with full knowledge of the facts, has made a personal decision to extinguish my claim at all cost[s]. In doing so he has violated my right to Due Process and aided criminal activity. He has also lost jurisdiction and disqualified immunity." *Id.* at p. 7.

Bauer also filed a Motion for Leave to Amend [15], to which he attached a proposed First Amended Complaint. The proposed First Amended Complaint articulates much of the same information set forth in his original Complaint [1] and in his Show Cause Response [14].

As the Court explained in its Order to Show Cause [8], "[a]bsolute Judicial Immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). "Mississippi Courts have long recognized judicial immunity as granting immunity from civil suits for judicial actions." *Pierson v. Itawamba Cnty., Miss.*, 2020 WL 2950356, at *2 (N.D. Miss. June 3, 2020) (citing *Loyacono v. Ellis*, 571 So. 2d 237, 238 (Miss. 1990)) (noting that "the doctrine of judicial immunity is fully recognized in Mississippi"). The Fifth Circuit has explained that "[a] plaintiff may overcome this immunity bar by showing that the disputed acts were not judicial in nature or, if judicial in nature, were performed in the complete absence of all jurisdiction." *Mackey v. Helfrich*, 442 F. App'x 948, 950 (5th Cir. 2011) (citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)).

Despite being extended leniency from this Court via an opportunity to amend his Complaint [1], Bauer has done nothing to illustrate that his allegations against Judge Smith are not subject to absolute immunity. His dissatisfaction falls squarely within the parameters of Judge Smith's handling of his state court litigation, and there is nothing to indicate that Judge Smith did not have jurisdiction over that litigation. Bauer simply asserting that immunity is inapplicable does not make it so. Any potential relief must be resolved via the state appellate process—not through this Court.

"[A] district court need not grant a futile motion to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Amendment would be futile and will not be permitted.

Bauer's Motion for Leave [15] is DENIED. Judge Smith is entitled to immunity. The Complaint [1] is hereby DISMISSED, and this CASE is CLOSED.

SO ORDERED, this the 20th day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

3